**EXHIBIT B**

Served By
Mistena Daus    RECEIVED    COPY
Original Filed

MAR 0 9 2023

CITY CLERK'S OFFICE    MAR 0 9 2023

crtt    TIMOTHY W. FITZGERALD
2:56pm    SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

The Estate of ROBERT BRADLEY, deceased; KESHIA HAHN, as Personal Representative of the Estate; R.Par.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN; AND R.Pat.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN.

Case No. **23200945-32**

SUMMONS

Plaintiffs,

vs.

CITY OF SPOKANE, a political subdivision of the State of Washington; TREVOR WALKER, individually and in his official capacity; CHRISTOPHER JOHNSON, individually and in his official capacity; AND JOHN and JANE DOES 1-40, individually and in their official capacities, inclusive.

Defendants.

TO DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by the Plaintiffs.

Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with

this Summons.

SUMMONS-1

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the undersigned attorneys for the Plaintiff within

twenty (20) days after the service of this summons, forty (40) days if served upon the

Washington State Insurance Commissioner, or sixty (60) days if served outside the State of

Washington, excluding the day of service, or a default judgment may be entered against you

without notice. A default judgment is one where the plaintiff is entitled to what has been asked

for because you have not responded. If you serve a Notice of Appearance on the undersigned

attorneys, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so

that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

of Washington.

DATED this 9th day of March 2023.

MEYER THORP ATTORNEYS AT LAW, PLLC


By: _____
RONDI J. THORP, WSBA 32872
Attorneys for Plaintiffs


By: _____
DAVID E. TURPLESMITH, WSBA 32873
Attorneys for Plaintiffs


By: _____
JODI D. THORP, WSBA No. 59749
Attorneys for Plaintiffs


SUMMONS-2

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

***CERTIFICATE OF SERVICE***

I, the undersigned, certify that on the 9 day of March, 2023, I served a true and correct copy of the foregoing to the following person(s):

**HAND DELIVERED:**

City of Spokane
Office of the City Attorney
808 W. Spokane Falls Blvd
Spokane, WA 99201

_____
MISTINA M. DAVIS
Paralegal

*Served*
*Mistna Davis*
*24*

RECEIVED

MAR 09 2023

CITY CLERK'S OFFICE
*CAF*
*2:56 pm*

COPY
Original Filed

MAR 0 9 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| The Estate of ROBERT BRADLEY, deceased; KESHIA HAHN, as Personal Representative of the Estate; R.Par.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN; AND R.Pat.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN. | No. **23200945-32**<br><br>COMPLAINT FOR DAMAGES |
| Plaintiffs, | |
| vs. | |
| CITY OF SPOKANE, a political subdivision of the State of Washington; TREVOR WALKER, individually and in his official capacity; CHRISTOPHER JOHNSON, individually and in his official capacity; AND JOHN and JANE DOES 1-40, individually and in their official capacities, inclusive. | |
| Defendants. | |

**Complaint -1**

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

Plaintiffs, by and through their attorneys, Meyer Thorp Attorneys at Law, PLLC, per attorneys Rondi J. Thorp, David E. Turplesmith, and Jodi Thorp allege as follows:

## I.    INCORPORATION

1.1    By way of this reference, each paragraph contained herein is incorporated as support for each paragraph which follows.

## II.    PLAINTIFFS

2.1    Plaintiff KESHIA HAHN is the duly appointed Personal Representative of the Estate of ROBERT BRADLEY, deceased, and mother of the minor children of ROBERT BRADLEY.

2.2    At all times material hereto ROBERT BRADLEY, deceased, was a resident of Spokane County.

2.2    Plaintiff R.Par.B. is the minor child of decedent ROBERT BRADLEY.

2.3    Plaintiff R.Pat.B. is the minor child of decedent ROBERT BRADLEY.

## III.    DEFENDANTS

3.1    Defendant, CITY OF SPOKANE, a Washington political subdivision, duly organized and existing under the laws of the State of Washington, funds, manages, operates, and administers a law enforcement branch, the Spokane Police Department, pursuant to its status as a political subdivision.

3.2    Defendant, TREVOR WALKER, is a police officer and employee of the Spokane Police Department. All acts alleged to have been performed by Defendant TREVOR WALKER, were performed on his own behalf, on behalf of his employer, on behalf of Defendant, CITY of SPOKANE, and in the scope of his employment/agency for Defendant, CITY of SPOKANE and under color of state law at all relevant times herein.

**Complaint -2**

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

3.3     Defendant, CHRIS JOHNSON, is a police officer and employee of the Spokane Police Department. All acts alleged to have been performed by Defendant CHRIS JOHNSON, were performed on his own behalf, on behalf of his employer, on behalf of Defendant, CITY of SPOKANE, and in the scope of his employment/agency for Defendant, CITY of SPOKANE and under color of state law at all relevant times herein.

3.4     Defendants, DOE 1-40. All acts alleged to have been performed by Defendants DOE 1-40, were performed on their own behalf, on behalf of their employer, on behalf of Defendant, CITY of SPOKANE and DEFENDANT COUNTY OF SPOKANE, and in the scope of their employment/agency for Defendant, CITY of SPOKANE and COUNTY OF SPOKANE and under color of state law at all relevant times herein.

## IV.     JURISDICTION

4.1     Spokane County Superior Court has jurisdiction over the cause of action.

## V.     VENUE

5.1     The cause of action arose in Spokane County, Washington.

5.2     Pursuant to RCW 4.12.020(3), venue is proper in Spokane County Superior Court.

## VI.     STATUTORY COMPLIANCE

6.1     On or about November 23, 2022, an administrative claim for damages was served upon the City of Spokane.

6.2     Any and all prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

## VII.     FACTS

7.1     ROBERT BRADLEY was born on April 7, 1981, in Bremerton, Washington. He later attended ITT Technical Institute in Spokane, Washington where he met KESHIA HAHN,

Complaint -3

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

1  the mother of his minor children R.Par.B. and R.Pat.B. Mr. BRADLEY enjoyed spending time

2  with his children. He liked to camp, hunt, fish and target shoot with his kids. He enjoyed outdoor

3  activities. He was a small business owner and owned Bradley's Lawn Care.

4      7.2    ROBERT BRADLEY was only 41-years- old when he was shot on his own

5  property, at his own home, by Spokane Police Officers TREVOR WALKER, CHRIS

6  JOHNSON, and other officers unknown to Plaintiff.  ROBERT BRADLEY made no threats to

7  the officers and was not under arrest when Officers TREVOR WALKER and CHRIS JOHNSON

8  shot and killed him within seconds of arriving at Mr. BRADLEYS's home.

9      7.3    The CITY of SPOKANE provides law enforcement services through the Spokane

10  Police Department ("SPD"). SPD's mission includes creating a safe and secure environment in

11  which to live, work and visit, enforcing the law in a fair and impartial manner and safeguarding

12  its citizens' Constitutional guarantees.  It is duly authorized by the laws of the State of

13  Washington to promulgate customs, practices, and policies for the CITY OF SPOKANE

14  Police Officers.  The CITY OF SPOKANE owes a duty to refrain from causing foreseeable harm

15  in the course of law enforcement actions with individuals.  The CITY of SPOKANE failed in its

16  mission and failed to properly train officers regarding the use of force despite having a disturbing

17  history of wrongful death cases stemming from the unlawful use of force by the Spokane Police

18  Department. Since 2008, Spokane has averaged about three officer-involved shootings a year,

19  with about two out of those three people dying. By 2019, those statistics worsened as there were

20  eight officer involved shootings in Spokane, with five fatal shootings.  Defendant CITY OF

21  SPOKANE failed to properly train Spokane Police Officers to assess situations and avoid

22  unreasonably escalating situations and encounters to the use of deadly force. Defendant CITY

23  OF SPOKANE failed to properly train officers with respect to handling and responding to

24  suspects with incapacitation and failed to train regarding the use of recording equipment. The

25  Spokane Police Department continues in a pattern of abuse and a culture of violence and

26  excessive force.

27

28

Complaint -4

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

7.4     Police Score Card shows 18 killings by the Spokane Police Department between 2013 and 2021.[1]  This is more killings per arrest than 78% of police departments in the United States.[2]  Spokane police Chief Craig Meidl took over for the Spokane Police Department in the last quarter of 2016.  Prior to becoming police chief, as a Spokane Police Officer in 2011, Craig Meidl saluted another officer after he was convicted in Federal Court of the beating to death of Otto Zehm, a developmentally disabled man. That officer beat Otto Zehm with a baton and then lied about it.  As Police Chief, Craig Meidl continued the culture of accepting violence in the Spokane Police Department and avoiding accountability for officers using excessive force.  In his first full year as police chief, in 2017, the Spokane Police Department had the highest number of officer-involved shootings in more than 20 years.[3]  The Spokane Police Department shot a total of seven people in the calendar year 2017.[4]  In a city of just 217,028 people, in 2017, CRAIG MEIDL's first full year as Chief of Police for the Spokane Police Department, five Spokane citizens were killed by police in Spokane Washington. In the period between January 1, 2017, and September 4, 2022, multiple people, including Mr. BRADLEY, were killed by the Spokane Police Department.[5]  In the year that Mr. BRADLEY was killed, Spokane City and County hit an all-time record high of police shootings. At least five of those shootings resulted in deaths for Spokane citizens tying the record set in 2017 for police caused deaths.[6]  After obtaining a record $4 million dollar settlement for the family of David Novak in a case that is strikingly similar to this case, where two of the same police officers, Officers Walker and

---

[1] Police Score Card, *Spokane Police Department Scorecard at a Glance*, last visited March 7, 2023, https://policescorecard.org/wa/police-department/spokane.
[2] *Id.*
[3] Jonathan Glover, *2017 Saw Highest Number of Officer-Involved Shootings in More than Two Decades*, updated February 25, 2018, last visited March 7, 2023, https://www.spokesman.com/stories/2018/feb/25/police-shootings-in-spokane-worst-on-record.
[4] *Id.*
[5] The Washington Post, *Democracy Dies in Darkness Fatal Force*, last visited March 7, 2023, https://www.washingtonpost.com/graphics/investigations/police-shootings-database/.
[6] *Id.*

Complaint -5

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

Johnson were also officers involved with the David Novak wrongful death, the Chief of Police stated that his officers did not do anything wrong, "nor did he anticipate the settlement leading to changes in his department's policies and procedures."[7] The City of Spokane continues its disturbing practices, without acknowledging the danger it places its citizens in daily.  Spokane Police Chief MEIDL continued the trend of accepting and ratifying the Spokane Police Department's excessive use of force.

7.5     This case arises from the negligent and unprovoked assault and battery against ROBERT BRADLEY and the unnecessary, unreasonable, negligent, reckless, wanton, and excessive use of force against ROBERT BRADLEY by the Defendants, resulting in his untimely death.

7.6     On September 4, 2021, ROBERT BRADLEY ("BRADLEY") was shot and killed at his Hillyard home, located at 2933 E. Wabash Avenue, Spokane, WA 99217. Just before he was killed, Mr. BRADLEY was standing next to his own vehicle looking to unload his van from camping and was not engaged in illegal activity.

7.7     A couple of weeks prior to the shooting, 34-year-old Scott Scott ("Scott") moved into the house neighboring Mr. BRADLEY.

7.8     Scott and Mr. BRADLEY were engaged in an on-going property-line dispute. Consequently, Scott obtained a temporary protection order against BRADLEY on September 2, 2022.

7.9     On September 4, 2022, Mr. BRADLEY, Sarah McLaughlin, and his minor children who lived with him R.PAR.B. AND R.PAT.B, returned home from a Labor Day weekend camping trip with his children. Mr. BRADLEY began to unload the van from camping

---

[7] *Wrongful death suits against cities are evolving. After a landmark $4 million settlement, will Spokane Police Department policy change with them.* Sun, Sept 25, 2022. Spokesman Review, Emma Epperly reporting available at https://www.spokesman.com/stories/2022/sep/25/wrongful-death-suits-against-police-departments-ar/. Last visited March 7, 2023.

Complaint -6

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

which included his guns and other camping gear. Mr. Scott saw Mr. BRADLEY unloading his car and carrying a rifle in his own yard.

7.10    Scott called police at 6:31 p.m. and told police he had a district court temporary protection order against his neighbor, ROBERT BRADLEY, that he wanted served. Mr. BRADLEY had just returned home from camping and was in his own yard at 2933 East Wabash Avenue.

7.11    SPOKANE POLICE had no officers available to respond to the call at that time and no officers responded for 5 hours.

7.12    Mr. BRADLEY and Sarah McLaughlin decided to go to Pig Out in the Park shortly after returning from the family camping trip.

7.13    Shortly after the 6:31 p.m. call Scott calls crime check again to report that Mr. BRADLEY has left his home, and he is provided with Sgt. Perry's direct phone number.

7.14    SPOKANE POLICE receive another call directly to Sgt. Perry from Scott at approximately 10:00 p.m.. Scott states that Mr. BRADLEY was back home now, and he was walking in his own yard with his rifle.

7.15    Three SPOKANE POLICE OFFICERS, Officer JOHNSON, Officer WALKER and an unknown Officer respond to Mr. BRADLEY's home at 2933 East Wabash Avenue.

7.16    Video surveillance shows Mr. BRADLEY walking out of his residence, unlocking his vehicle, and opening the door to his van and leaning into his van to retrieve items. Mr. BRADLEY appears to stand at the passenger door for approximately 60 seconds leaning over into his vehicle when officers are shown entering the scene on foot without sirens. Mr. BRADLEY does not see the police approach. Mr. BRADLEY is hard of hearing, wears hearing aids and wears corrective lenses. It is unknown if he had either on at this point.

7.17    As the officers approached, Mr. BRADLEY was unpacking his vehicle from his camping trip he had taken with his family that weekend.

7.18    Mr. BRADLEY and his children enjoy shooting and hunting and recreational opportunities common in the Spokane area and often travelled with their recreational firearms.

Complaint -7

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

7.19    Although body camera video has not been provided to the attorneys or the family in this case, even after multiple requests and after six months, counsel obtained Detective Bonney's declaration.  According to Det. Bonney's sworn declaration, the responding officers' body camera footage shows they approached Mr. BRADLEY on foot and verbally identified themselves as "Spokane Police." In response, Mr. BRADLEY looked toward officers and began to exit his van and then "a volley of gunfire" began.

7.20    Det. Bonney never states in his sworn declaration that Mr. BRADLEY was shooting at the officers. Forensic examination of a firearm found close to Mr. BRADLEY reveals the weapon was not fired and no shell casings matching that weapon were reportedly found or inventoried.

7.21    Spokane Police Officers approached Mr. BRADLEY's home in a negligent, aggressive, and dangerous manner, failing to respond using the least excessive force for the situation.

7.22    Within seconds of approaching Mr. BRADLEY, Spokane Police Officers fired at least nine rounds of shots at him, hitting Mr. BRADLEY nine times and causing his death.

7.23    Officers TREVOR WALKER and CHRIS JOHNSON were addressing Mr. BRADLEY for less than five seconds before firing without warning that deadly force would be used and without providing him any time to understand what was happening or comply with any commands. Spokane Police shot Mr. BRADLEY in the upper left abdomen, lower left abdomen, lateral right back, lateral right thigh, posterior right thigh, posterior right calf, superior right buttock and inferior right buttock and tip of the left index finger. Police continued to shoot him even after he was down on the ground. At the time of the shooting, Mr. BRADLEY was not engaging the officers, was not doing anything illegal and he did not pose an immediate threat to the safety of Officers WALKER, JOHNSON, or others.

7.24    Spokane Police Officers have not been properly trained in the effective use of the several less than lethal or nonlethal means of subduing citizens that were at their disposal such as pepper spray, batons, tasers, and less lethal guns with rubber bullets. They failed to use time

Complaint -8

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

distance and cover before approaching Mr. BRADLEY. They shouted commands and did not allow any time for Mr. BRADLEY to process what was happening or respond before killing him within five seconds.

## VIII.   CAUSES OF ACTION

8.1     All facts alleged in every paragraph above are incorporated into every cause of action alleged hereinafter as though they were fully set forth.

8.2     All the acts of every defendant constituting each cause of action were taken under color of law in that they were done in performance of their official duties as CITY OF SPOKANE police officers and in their individual capacities. In so doing, they acted, or purported to act, under state, county, city, or municipal law when they responded with excessive force and shot to death ROBERT BRADLEY.

8.3     The acts of the defendants, constituting every cause of action below, proximately caused damages suffered by these plaintiffs as described below.  Therefore, the Plaintiffs are entitled to significant damages.

### VIII (A)  NEGLIGENCE, ASSAULT, AND BATTERY

8.4     Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.5     Defendants, and each of them, owes a duty to use ordinary care to avoid unreasonably escalating an encounter to the use of deadly force.

8.6     As detailed herein, Defendants acted negligently and failed to use ordinary care to avoid unreasonably escalating the encounter to the use of deadly force when Defendants fired their firearms at ROBERT BRADLEY, utilizing unnecessary violence and excessive force, constituting negligence and an assault and battery. ROBERT BRADLEY made no threats to the Spokane police officers and was on his own property when Spokane Police Officers CHRIS JOHNSON and TREVOR WALKER shot and killed him.

8.7     Defendants, and each of them, improperly, unreasonably, unnecessarily, and negligently escalated the situation.  The Spokane Police Department attacked and shot a man on

Complaint -9

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

his own property. The Defendants, and each of them, acted in a negligent, unreasonable, unnecessary, reckless, and wanton manner, when they encountered ROBERT BRADLEY, and their actions constituted an assault and battery against ROBERT BRADLEY.

8.8    As a direct and proximate result of Defendants' actions, as above-referenced, the named Plaintiffs have suffered the damages set forth in section IX.

### VIII (B)  WRONGFUL DEATH (RCW 4.20 et seq.)

8.9    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.10    All Defendants are liable for damages arising from their unlawful conduct that caused Robert Bradley's death in that Robert's injuries and death were caused by the Defendants' wrongful acts, neglect, carelessness, unskillfulness, or default by the Defendant Officers and others acting as agents of The City of Spokane.

8.11    DEFENDANTS, and each of them, as alleged herein, negligently, tortuously, wrongfully, unlawfully, and proximately caused the untimely death of ROBERT BRADLEY on September 4, 2021.  The acts and omissions of the DEFENDANTS, and each of them, alleged herein constitute negligence and/or other tortuous conduct.

8.12    As a direct and proximate result of DEFENDANTS' negligent and/or tortuous acts, DEFENDANTS, and each of them, caused the death of ROBERT BRADLEY and caused all Plaintiffs to sustain the injuries and damages set forth herein.

8.13    As a direct and proximate result of the breaches, failures, and negligence of Defendants, as described above and in other respects as well, ROBERT BRADLEY was shot, causing serious injury and death. ROBERT BRADLEY suffered physical pain, mental anguish and anxiety, distress, fear and humiliation, mental and physical pain and suffering prior to his death and other general and special damages as a direct result of Defendants' failures and the officers' actions and omissions.

**Complaint -10**

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

8.14    As a direct and proximate result of the breaches, failures, and negligence of Defendants, and each of them, as described above and in other respects as well, Plaintiffs have incurred and will continue to incur general and special damages in amounts to be proven at trial.

8.15    The negligent and unreasonable actions of Defendants, and each of them, occurred while the officers were in the course of their police work and amounted to misfeasance that created a risk of harm, and actual harm, to Plaintiff ROBERT BRADLEY. The officers' actions were egregious, excessive, unreasonable, and well outside the standards that police officers must follow when interacting with citizens of Spokane. The officers' affirmative actions exposed Plaintiffs to unnecessary physical and emotional harm. In acting affirmatively, the officers were required to act reasonably and follow the course of conduct of a reasonable officer. Sadly, the officers did not act reasonably in choosing to deploy lethal force against ROBERT BRADLEY, and unreasonably and unnecessarily shot him, causing serious and fatal injuries. Plaintiffs suffered general and special damages as a result of the officers' affirmative conduct.

8.16    This action includes but is not limited to the RCW Survival Action Statute 4.20.046 and RCW 4.20.060.

### VIII (C)  NEGLIGENCE; GROSS NEGLIGENCE; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT SUPERVISION; NEGLIGENT TRAINING; NEGLIGENT HIRING; NEGLIGENT DISCIPLINING.

8.16    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.17    Defendants owe a duty of care when engaging in law enforcement functions. The City of Spokane, through its officers, owes a duty of care to persons with whom they foreseeably interact in a planned, police-initiated operation involving the likely use of deadly force, to take reasonable care so not to cause foreseeable harm in the course of such law enforcement interactions, and to use ordinary care to avoid unreasonably escalating the encounter to the use of deadly force.

**Complaint -11**

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

8.18    Defendants, and each of them, owe a duty to refrain from negligently, unreasonably, recklessly, and wantonly engaging in the non-consensual invasion of the sanctity of a person's bodily and personal security and had a duty not to cause ROBERT BRADLEY severe personal injury or death. The City of Spokane owed such a duty to ROBERT BRADLEY and his family, and the actions of its agents and officers breached that duty.

8.19    SPOKANE POLICE recklessly and dangerously placed the entire neighborhood and the children inside Mr. BRADLEY'S home at risk that night. Police shot at least 9 times toward the family home; it appears SPOKANE POLICE hit the BRADLEY family home with bullets when his children were inside while shooting at the father of two. These actions showed negligent and utter disregard for the lives of the community, Robert BRADLEY and the children of Robert BRADLEY.

8.20    SPOKANE POLICE arrived at a non-emergency scene that they waited 5 hours from the initial report to go to, to issue a temporary anti-harassment protection order, and came in with guns drawn, yelling multiple garbled commands, from multiple officers and shot dead the homeowner in under 3 seconds of telling him who they were.

8.21    Defendants, and each of them, owe a duty to properly train and supervise its employees in dealing with all citizens, utilizing de-escalation procedures, utilizing life-saving procedures, and in utilizing an appropriate use of force. The City of Spokane owed such a duty to ROBERT BRADLEY and his family, and the actions of its agents and officers breached that duty.

8.22    Defendants, and each of them, breached that duty when they engaged in the improper, unreasonable, unnecessary, and excessive use of force, including but not limited to shooting ROBERT BRADLEY nine times, including in the upper left abdomen, lower left abdomen, lateral right back, lateral right thigh, posterior right thigh, posterior right calf, superior right buttock and inferior right buttock and tip of the left index finger. Defendants, breached that duty, acted unreasonably and were negligent and tortious, when they failed to develop, implement, instruct, and follow reasonable practices and procedures for officers encountering

Complaint -12

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

citizens and avoid unreasonably escalating an encounter to the use of deadly force.  Defendant breached that duty when they failed to conduct a proper arrival so ROBERT BRADLEY could see an officer was present and understand what was happening; failed to use a loudspeaker to have one officer call out commands so as not to confuse ROBERT BRADLEY; failed to visually identify themselves as officers to ROBERT BRADLEY; hid from ROBERT BRADLEY as if to ambush him; and failed to give ROBERT BRADLEY time to respond to their commands and presence prior to shooting him dead. SPOKANE POLICE continued to shoot ROBERT BRADLEY even after he was down on the ground. SPOKANE POLICE shot Robert BRADLEY in the back and buttocks and back legs indicating he was facing away from them. SPOKANE POLICE continued to shoot even after ROBERT BRADLEY was down on the ground. The Defendants were reckless and negligent in their actions in breaching the duty of care owed to ROBERT BRADLEY.  Defendants breached that duty, acted unreasonably and were negligent, when they used unnecessary and improper physical force and violence against ROBERT BRADLEY, shooting ROBERT BRADLEY at his own home while he was not engaging in illegal activity. Defendants breached their duty to ROBERT BRADLEY to not cause serious and severe personal injury, by shooting, injuring and then killing him on September 4, 2021. This breach proximately caused ROBERT BRADLEY'S severe injury and death, as described, and alleged above.

### VIII (D)  NEGLIGENT HIRING, TRAINING AND SUPERVISION UNDER WASHINGTON STATE LAW AGAINST DEFENDANT, CITY OF SPOKANE

8.23    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.24    Defendant City of Spokane, through its employees of the City of Spokane Police Department, owed a duty of care to the citizens of Spokane. The duty of care owed by Defendant City of Spokane includes, among other things, to properly train, supervise and adopt policies and customs to protect the citizens its employees are assigned to protect and serve. Defendant City of Spokane, through its Spokane Police Department employees, owed a duty of care to ROBERT

Complaint -13

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

BRADLEY, a citizen of Spokane. Defendant City of Spokane breached that duty of care owed to ROBERT BRADLEY when it failed to, among other things properly train, supervise and adopt policies and customs to protect the citizens the Spokane Police Department employees are assigned to serve. Defendant City of Spokane's failure to properly train, supervise and adopt policies and customs, resulted in unsupervised, poorly trained employees with Spokane Police Department employees who were reckless and negligent in carrying out their duties. These failures on the part of the City of Spokane were a proximate cause of the tragic death of ROBERT BRADLEY. Defendant City of Spokane is vicariously liable for the negligence of Defendant Officers because these officers were acting within the course and scope of their employment with Defendant City of Spokane at all times relevant hereto. The CITY OF SPOKANE's training regarding the use of deadly force, training regarding handling a situation without unnecessarily escalating it, was extremely unreasonable, negligent, lacking, and substandard.

8.25    Defendant CITY of SPOKANE was negligent in hiring/promoting Police Chief CRAIG MEIDL to police chief despite knowing that Defendant CRAIG MEIDL had a history of condoning and permitting police violence against Spokane citizens.

8.26    The training policies of Defendant CITY OF SPOKANE, including training police officers to properly use force, including deadly force, upon individuals were inadequate or nonexistent, not properly documented and led Defendant CITY OF SPOKANE's police officers, including Defendants TREVOR WALKER, CHRIS JOHNSON, and DOES 1-20, to unreasonably escalate encounters to the use of deadly force. This training was wrongful and inadequate to properly train said police officers in the proper use of deadly force.

8.27    Defendants know or should have known that Officer Johnson was involved in at least 6 use of force incidents since January 2019. Officer JOHNSON was one of the Spokane police officers involved in the death of David Novak which involved police rushing in within seconds and shooting a man in the back while not giving him time to comply with commands and while yelling multiple commands at him. Had Defendant properly trained their officers after

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

Mr. Novak's death, officers may not have made the same mistake again with Robert BRADLEY and may not have wrongfully took the life of a man who was the primary supporter of his minor children.

8.28    Defendants know or should have known that Officer WALKER was one of the primary officers involved in the death of David Novak and was one of the officers who approached David Novak, quickly without observing the scene, without cover, while yelling multiple commands. If Officer WALKER had been appropriately trained after the wrongful death of David Novak, officers may not have rushed in again without cover in the dark and shooting and killing within seconds, an innocent man who was unloading his van after a family camping trip. These cases were so similar that had officers been properly trained after the tragedy of Mr. Novak's death instead of being told that they did nothing wrong, the children of Robert BRADLEY may still have their dad.

## VIII (E) NEGLIGENT USE OF DEADLY FORCE

8.29    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.30    Defendants, and each of them, owe a duty to use ordinary care to avoid unreasonably escalating an encounter with a citizen to the use of deadly force.

8.31    Defendants, and each of them, owe a duty of care when engaging in law enforcement functions.

8.32    Defendants, and each of them, owe a duty to refrain from negligently, unreasonably, recklessly, and wantonly engaging in the non-consensual invasion of the sanctity of a person's bodily and personal security.

8.33    Defendants, and each of them, owes a duty to refrain from negligently engaging in harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such harm or apprehension that such contact is imminent.

Complaint -15

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

1

2

8.34    Defendants, and each of them, owes a duty to properly train and supervise its employees in in the appropriate use of force and de-escalation techniques.

3

4

5

8.35    Defendants, and each of them, breached that duty when they engaged in the improper, unreasonable, unnecessary, and excessive use of force, including but not limited to shooting ROBERT BRADLEY.

6

7

8

9

8.36    Defendants, and each of them, breached that duty, acted unreasonably and were negligent, when they failed to have and follow proper training, policies, and procedures on the standard practices of officers in contacting citizens, deescalating situations, and the use of deadly force.

10

11

12

8.37    Defendants, and each of them, breached that duty, acted unreasonably and were negligent, when they used unnecessary and improper physical force and violence against ROBERT BRADLEY.

13

14

15

16

17

18

8.38    As a direct and proximate result of the breaches, failures, and negligence of Defendants, as described above and in other respects as well, ROBERT BRADLEY was shot, causing serious injury and death. Robert BRADLEY suffered physical pain, mental anguish and anxiety, distress, fear and humiliation, mental and physical pain and suffering prior to his death and other general and special damages as a direct result of Defendants failures and the officers' actions and omissions.

19

20

21

8.39    As a direct and proximate result of the breaches, failures, and negligence of Defendants, and each of them, as described above and in other respects as well, Plaintiffs have incurred and will continue to incur general and special damages in amounts to be proven at trial.

22

23

24

25

26

27

8.40    The negligent and unreasonable actions of Defendants, and each of them, occurred while the officers were in the course of their police work and amounted to misfeasance that created a risk of harm, and actual harm, to Plaintiff ROBERT BRADLEY. The officers' actions were egregious, excessive, unreasonable, and well outside the standards that police officers must follow when interacting with citizens of Spokane. The officers' affirmative actions exposed Plaintiffs to unnecessary physical and emotional harm; in acting affirmatively, the

28

Complaint -16

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

officers were required to act reasonably and follow the course of conduct of a reasonable officer. Sadly, the officers did not act reasonably in choosing to deploy lethal force against ROBERT BRADLEY, and unreasonably and unnecessarily shot him, causing serious and fatal injuries. Plaintiffs suffered general and special damages as a result of the officers' affirmative conduct.

### VIII (F) VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION RCW 49.60 *ET SE* (WLAD), AND VIOLATION OF STATE CONSTITUTIONAL RIGHTS

8.41    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

8.42    Defendants were acting under color of State law.

8.43    ROBERT BRADLEY had a constitutionally protected right to life under the Washington State Constitution Article 1 Section 3. Defendants CITY OF SPOKANE, WALKER and JOHNSON violated that right as described above.

8.44    ROBERT BRADLEY had a right to be from discrimination as a person with impaired hearing and a member of a protected class. Defendants CITY OF SPOKANE, WALKER and JOHNSON violated that right as described above.

8.45    The acts and omissions of Defendants CITY OF SPOKANE, WALKER and JOHNSTON in responding to ROBERT BRADLEY's home for service of a non-urgent Temporary Protection Order and ultimately shooting him dead constitute recklessness, deliberate indifference and/or wanton and willful misconduct in regard to his constitutional rights.

8.46    Defendants acted in a manner that deprived ROBERT BRADELY of his constitutionally protected rights to be free of discrimination and to life; all in violation of the WLAD and Washington State Constitution.

8.47    These rights are long-standing, were clearly established, and were at all times relevant.

//

//

Complaint -17

Meyer Thorp Attorneys at Law, PLLC
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

1
2

## VIII (G) LOSS OF CHILD-PARENT RELATIONSHIP, LOSS OF LOVE AND LOSS OF COMPANIONSHIP

3
4

8.48    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

5
6
7

8.49    The minor children Plaintiffs R.Par.B. and R.Pat.B. lost their father at critical moments in their childhood. The loss of love, loss of companionship and injury to and destruction of the parent-child relationship were caused by Defendants' actions and/or inactions.

8
9

## IX.    PRAYER FOR RELIEF

10
11

9.1    WHEREFORE, Plaintiffs request that the Court enter judgment against the Defendants, and each of them, as follows:

12
13
14

(a) Fashioning an appropriate remedy and awarding general and special damages, including damages for pain, suffering, terror, mental and emotional distress, and loss of enjoyment of life in an amount to be proven at trial; and

15
16

(b) Awarding reasonable attorneys' fees and costs as available under the law; and

(c) Awarding any and all applicable interest on the judgment until the judgment is paid in full including prejudgment interest; and

17
18

(d) Awarding the decedent damages for economic losses, pain and suffering, anxiety, emotional distress, and humiliation; and

19

(e) Awarding any and all applicable interest on the judgment; and

20
21

(f) If Defendant brings any frivolous or unfounded defenses, awarding attorneys' fees and costs pursuant to RCW 4.84.185 and/or Rule 11 of the Superior Court Civil Rules; and

22

(g) Ordering Disclosure and production of all non-exempt documents and information requested in Plaintiffs' public records requests that have not been produced; and

23
24

(h) Economic and noneconomic damages as shall be determined; and

25

(i) That each Plaintiff be awarded a judgment against all Defendants for compensatory damages including exemplary damages; and

26
27

(j) Awarding such other and further relief as the Court deems just and proper.

28

**Complaint -18**

**Meyer Thorp Attorneys at Law, PLLC**
P.O. BOX 87
Spokane, WA 99210
(509) 533-1511 Fax (509) 343-3366

1    DATED this 9th day of March 2023.

2

3                                            MEYER THORP ATTORNEYS AT LAW, PLLC

4

5

6                                            _____
                                             RONDI J. THORP, WSBA #32872
7                                            Attorneys for the Bradley Children and Estate of
                                             Robert Bradley
8

9

10                                           _____
                                             DAVID E. TURPLESMITH, WSBA #32873
11                                           Attorneys for the Bradley Children and Estate of
                                             Robert Bradley
12

13

14                                           _____
                                             JODI D. THORP, WSBA #59749
15                                           Attorneys for the Bradley Children and Estate of
                                             Robert Bradley
16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint -19**                           **Meyer Thorp Attorneys at Law, PLLC**
                                             P.O. BOX 87
                                             Spokane, WA 99210
                                             (509) 533-1511 Fax (509) 343-3366

1

## *CERTIFICATE OF SERVICE*

2

3          I, the undersigned, certify that on the ___9___ day of March, 2023, I served a true and

correct copy of the foregoing to the following person(s):

4

5   **HAND DELIVERED:**

City of Spokane
6   Office of the City Attorney
808 W. Spokane Falls Blvd
7   Spokane, WA 99201

8

9

10

11                                              MISTINA M. DAVIS
                                                Paralegal
12

13

14

15

16

17

18

19

20

21

22

23

24                                              MEYER & THORP, PLLC.
                                                101 E. AUGUSTA AVE.
                                                SPOKANE, WA 99207-2407
                                                509.533.1511; Facsimile: 509.343.3366