FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH MCLAUGHLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SPOKANE, et al.,<br><br>    Defendants. | No. 2:24-CV-286-MKD<br>No. 2:24-CV-189-MKD<br><br>ORDER GRANTING MOTION TO CONSOLIDATE<br><br>**2:24-CV-286**<br>**ECF No. 13** |
| THE ESTATE OF ROBERT BRADLEY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF SPOKANE, et al.,<br><br>    Defendants. | |

Before the Court is Plaintiff Sarah McLaughlin's Motion to Consolidate. 2:24-CV-286, ECF No. 13. On December 3, 2024, the Court held a hearing. 2:24-CV-286, ECF No. 21. Meaghan Driscoll appeared on behalf of Plaintiff Sarah

ORDER - 1

McLaughin. Brian Augenthaler, Richard Jolley, and Stewart Estes appeared on behalf of Defendants. Rondi Thorp, David Turplesmith, and Jodi Thorp appeared on behalf of Plaintiffs in *Bradley v. City of Spokane, et al.*, 2:24-CV-189. For the reasons discussed below, the Court grants the motion.

## LEGAL STANDARD

Where cases "involve a common question of law or fact," Fed. R. Civ. P. 42(a) allows a court to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989).

## DISCUSSION

Plaintiff Sarah McLaughlin moves to consolidate her action with *Bradley v. City of Spokane, et. al*, 2:24-CV-189. These related cases arise out of the same incident—the police shooting of Robert Bradley. Although Defendants initially opposed the motion, *see* 2:24-CV-286, ECF No. 15, they represented at the hearing that they do not oppose consolidation through the resolution of dispositive

ORDER - 2

motions. The *Bradley* Plaintiffs likewise do not oppose the motion. Given the cases' common questions of fact and a lack of opposition to consolidation through the resolution of dispositive motions, the Court concludes consolidation through the resolution of dispositive motions is warranted and serves the interest of judicial economy.

While the Court is of the view that a joint trial is likely, it will revisit the issue of a consolidated trial after resolving the parties' dispositive motions and assessing which claims remain. Nevertheless, the Court instructs that Consolidated Plaintiffs shall jointly adhere to LCivR 43(f). Finally, in consolidating these matters, the Court denies Defendants' request to set limitations on discovery.

Accordingly, **IT IS SO ORDERED:**

1. The District Court Executive shall **CONSOLIDATE** 2:24-CV-286-MKD **INTO** 2:24-CV-189-MKD.

2. The District Court Executive shall **CLOSE** 2:24-CV-286-MKD.

3. The parties shall **SUBMIT** all further filings in 2:24-CV-189-MKD.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the parties.

DATED December 5, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3