The Honorable Mary K. Dimke

Stewart A. Estes, WSBA #15535
Keating, Bucklin & McCormack, Inc., P.S.
801 Second Ave., Suite 1210
Seattle, WA 98104
(206) 623-8861

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| The Estate of ROBERT BRADLEY, deceased; KESHIA HAHN, as Personal Representative of the Estate; R.Par.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN; AND R.Pat.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN, | No. 2:24-cv-00189-MKD |
| Plaintiffs, | |
| v. | DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS RE: BRADLEY PLAINTIFFS' COMPLAINT |
| CITY OF SPOKANE, a political subdivision of the State of Washington; TREVOR WALKER, individually and in his official capacity; CHRISTOPHER JOHNSON, individually and in his official capacity; AND JOHN and JANE DOES 1-40, individually and in their official capacities, inclusive, | NOTED FOR DECISION 01/31/2025 *Without Oral Argument* |
| Defendants. | |

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 1
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    SARAH MCLAUGHLIN,
     individually,
2                                    Plaintiff,
          v.
3

4    CITY OF SPOKANE, a political
     subdivision of the State of
5    Washington; TREVOR WALKER,
     individually and in his official
6    capacity; CHRISTOPHER
     JOHNSON, individually and in his
7    official capacity; and JOHN and
     JANE DOES 1-40, individually and
8    in their official capacities, inclusive,

9
          Defendants.
10

11

12

13

14

15

16

17

18

19

20

21

22

23   DEFS' MOTION FOR JUDGMENT ON THE
     PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 2
     2:24-cv-00189-MKD
24   1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# I.    INTRODUCTION

This is a civil action regarding the death of Plaintiffs' decedent Robert Bradley. This Rule 12(c) motion seeks the dismissal of several of the Bradley Plaintiffs' causes of action. The subject claims have been repeatedly rejected by the Washington courts, are not legally recognized, or are not even causes of action.

# II.    STATEMENT OF FACTS

Any relevant facts are taken from the *Amended Complaint*, Dkt. 1-2.

# III.    LEGAL ANALYSIS

## A.    Motions for Judgment on the Pleadings.

Defendants move for a partial dismissal under Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings is "functionally identical" to a Fed.R.Civ.P. 12(b) motion to dismiss. *Collins v. West*, 2021 WL 4241317, at *2 (W.D. Wash. 2021), *aff'd*, 2022 WL 4482448 (9th Cir. 2022). While the non-movant's allegations are accepted as true,

> … conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. A court should grant judgment on the pleadings when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Id.*

Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 3
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.      Washington Courts Have Refused For Decades to Recognize a Cause of Action For a Violation of the State Constitution.**

Plaintiffs attempt to bring a cause of action for violations of the state Constitution. *Dkt 1-2,* ¶8.43 ("Washington State Constitution Article 1 Section 3."). This is the result of the failure to conduct even a modicum of legal research. "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation [.]' " *Blinka v. Washington State Bar Ass'n*, 109 Wn. App. 575, 591, 36 P.3d 1094, 1102 (2001) (citations omitted). The federal courts have followed this holding. *See, e.g., Jones v. Washington,* CV-12-0188-EFS, 2012 WL 3260411, at *5 (E.D. Wash. Aug. 8, 2012) ("Washington courts do not currently recognize a civil damages action for the violation of Article I, § 22 of the Washington Constitution..."); *Quantz v. Edwards*, 2005 WL 3500838 at *16 (W.D.Wash. 2005) ("There is no state statute comparable to Section 1983 entitling plaintiffs to damages for violations of rights arising under the Washington State Constitution." (*citing Blinka*, 109 Wn.App. at 591). This

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 4
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

meritless cause of action should be dismissed.

**C.    Washington Law Does Not Allow a Claim for Negligent Training, Hiring, Supervision, or Discipline of Employees.**

Plaintiffs' Causes of Action VIII(C) and VIII(D) are redundant claims for "Negligent Supervision: Negligent Training; Negligent Hiring; Negligent Disciplining." They all should be dismissed because they cannot be alleged against an employer when its employee acted *within* the scope of his employment. Plaintiffs allege that the acts of each officer "were performed on his own behalf, on behalf of his employer, on behalf of Defendant, City of Spokane, and in the scope of his employment/agency for Defendant, City of Spokane." *Dkt. 1-2*, at ¶¶ 3.2 and 3.3 (emphasis supplied). Defendants admitted these allegations. *Dkt*. 10. There is no dispute.

Historically, a claim for an employer's negligent supervision or hiring was created to address "the need for such a cause of action in cases where the employee acted *outside* the scope of his or her employment, thereby rendering liability under respondeat superior unavailable." *Lee ex rel. Estate of Lee v. J.B. Hunt Transport, Inc.*, 308 F.Supp.2d 310, 314 (S.D.N.Y. 2004) (emphasis in original). This concern is illustrated in cases that involve an employee intentionally assaulting a customer. That act is plainly outside the scope of employment and thus, there would be no vicarious liability. "An employer is

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

generally vicariously liable for negligent acts of an employee conducted *within* the scope of employment. When an employee causes injury by acts *beyond the scope* of employment, an employer may be liable for negligently supervising the employee." *Gilliam v. DSHS*, 89 Wn.App. 569, 584-85, 950 P.2d 20, *review denied,* 135 Wn.2d 1015 (1998) (emphasis supplied).  A federal court has stated:

> Under Washington law, "an action based on negligent training and supervision 'is applicable only when the [employee] is acting outside the scope of [her] employment.' " If the employee "was fulfilling his or her job functions at the time he or she engaged in the injurious conduct," the employer cannot be liable for negligent training or supervision. Instead, the employer may be "vicariously liable under the principles of the law of Agency."

*E.K. v. Nooksack Valley Sch. Dist.,* 2021 WL 1531004, at *4 (W.D. Wash. 2021) (citations omitted) (dismissing claims because employee acted within scope).

Additionally, there is no such duty in Washington based on the pubic duty doctrine. "[A] public entity has a duty of care when it owes a duty of care to the injured plaintiff, but does not have a duty of care when it owes a duty to the public in general." *Osborn v. Mason County*, 157 Wn.2d 18, 27, 134 P.3d 197 (2006). Stated otherwise, "a duty to all is a duty to no one." *Id.,* at 27. The City cannot be liable for allegedly breaching a general duty owed to the public to hire, train, retain, or supervise law enforcement officers. *See Osborn,* supra at 203; *Dowell v. City of Lynnwood,* No. C06–1240–JCC, 2007 WL 4365793, at *6 (W.D. Wash. Dec.11, 2007)(public duty doctrine bars claim against the city for

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 6
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

negligent hiring, training, supervision, and retention); *Shope v. City of Lynnwood,* No. C10–0256RSL, 2011 WL 1154447, at *6 (W.D. Wash. Mar. 28, 2011)("The duty of the City to hire, train, retain, and supervise its officers is owed to the public at large, not to plaintiff individually."); *Fuller v. Lee*, C13-0563JLR, 2014 WL 6982519, at *13 (W.D. Wash. Dec. 9, 2014)(city cannot be liable for allegedly breaching general responsibilities to supervise police officers or investigate citizen complaints).

Causes of Action VIII(C) & (D) should be dismissed.

**D.    Plaintiffs' WLAD Claim Should Be Dismissed.**

**1.    Public Accommodations Law Generally**

Plaintiff alleges state law handicap discrimination. *Dkt. 1-2*, at ¶8.44. ("discrimination as a person with impaired hearing").  The Washington Law Against Discrimination ("WLAD") prohibits discrimination in "places of public accommodation" (i.e., stores, restaurants, theaters). The applicable statute protects: "The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of *any place of public resort, accommodation, assemblage, or amusement*". RCW 49.60.030(1)(b) (emphasis supplied).

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 7
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**2.    The Incident Did Not Occur at A "Place of Public Accommodation."**

The conduct prohibited by the WLAD does not extend to *interactions* with police. Rather, it covers physical access to public spaces. "The statute's primary thrust is to the refusing or withholding of admission to places of ***public*** accommodation, and the use of their facilities on an equal footing with all others." *Evergreen Sch. Dist. No. 114 v. WA State Human Rights Comm'n,* 39 Wn.App. 763, 772-73, 695 P.2d 999 (1985). That did not occur here.

Plaintiffs must also prove that Mr. Bradley was deprived of the "full enjoyment" of a place of public accommodation.

> "Full enjoyment of" includes *the right to purchase any service*, commodity, or article of personal property offered or sold on, or by, any establishment to the public, and *the admission of any person to accommodations*, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement, without [discrimination].

RCW 49.60.040(14) (emphasis supplied).

Plaintiffs cannot establish any of these elements. First, Mr. Bradley's was not in a "public" place. Plaintiffs themselves allege that the incident occurred on his *private* property. *Dkt.* 1-2, ¶7.16 ("Video surveillance shows Mr. Bradley walking out of his residence, unlocking his vehicle, and opening the door to his van and leaning into his van to retrieve items."). *See*, *Patrice v. Murphy,* 43 F. Supp.2d 1156, 1162 (W.D. Wash. 1999) ("plaintiff's house cannot be

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

considered a place of public accommodation, RCW 49.60.030(1)(b) does not apply."); *and*, *White v. City of Tacoma,* C12-5987 RBL, 2014 WL 172037, at *12 (W.D. Wash. 2014) ("White has failed, however, to submit any evidence that White's apartment building is state-owned."). This element is lacking.

### 3.    Plaintiffs Do Not Allege Officers Were Aware of the Alleged Handicap, Nor Any Animus "Based Upon" His Handicap.

Secondly, assuming arguendo that Plaintiffs can overcome the above hurdle, they do not allege that Defendants' actions were motivated by Bradley's handicap. "[T]he test is objective and requires a finding of a particularized kind of treatment, consciously motivated by or based upon the person's race or color." *Evergreen Sch. Dist. No. 114 v. Wn State Human Rights Comm'n,* 39 Wn.App. 763, 773, 695 P.2d 999 (1985). "RCW 49.60.215 requires a showing that the unequal treatment was *motivated* by race." *McKinney v. City of Tukwila*, 103 Wn.App. 391, 410, 13 P.3d 631 (2000) (emphasis in original).

Plaintiffs allege that Mr. Bradley was hard of hearing. But they do not allege that the officers were aware of this -- nor that they took action *based upon* this condition. They only allege that he ignored their commands, and thus "acted aggressively" towards him. *See, Dkt.* 1-2, ¶7.16 ("Mr. Bradley is hard of hearing, wears hearing aids and wears corrective lenses."); ¶8.44; *and*, ¶11.5 ("Because officers perceived Mr. Bradley willingly disregarded their

DEFS' MOTION FOR JUDGMENT ON THE PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 9
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX: (206) 223-9423

commands, they acted aggressively toward him, shooting him without regard to a hearing disability.")

The complaint never alleges that the officers knew of his disability. They had never dealt with him before, and nor was there any information provided by the Department about his hearing. Indeed, the it alleges prior interactions with his neighbor that do not mention any difficulty hearing. *See*, ¶7.7-7.8. And the only allegation made as to the first contact proves that Mr. Bradley heard the officers. "[T]the responding officers' body camera footage shows they approached Mr. BRADLEY on foot and verbally identified themselves as 'Spokane Police.' In response, Mr. BRADLEY looked toward officers and began to exit his van and then 'a volley of gunfire' began." *Id.*, at ¶7.19.

### 4.    Individual Employees Cannot Be Sued Under the WLAD.

Even assuming Bradley was on "public property," and Plaintiffs had evidence of discriminatory animus, the individuals cannot be sued. Individual employees such as Defendant Officers are not subject to suit under the WLAD because they do not come within the definition of a "place of public accommodation" or "employer."

An employee cannot be sued under the WLAD's public accommodation section. Our Supreme Court has observed that the term "person" means "employer." Defendant Officers are not an "employer" subject to suit. As the

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

Washington Supreme Court has held "the legislature chose to fight discrimination in public accommodations by *making employers directly responsible* for their agents' and employees' conduct." *Floeting v. Grp. Health Coop.,* 192 Wn.2d 848, 856, 434 P.3d 39 (2019) (emphasis supplied). *See also, W.H. v. Olympia Sch. Dist.*, 195 Wn.2d 779, 861, 465 P.3d 322, 326 (2020) ("RCW 49.60.215 imposes strict liability on *employers* for the actions of their employees.").

Plaintiff's WLAD claim must be dismissed.

**E.     An Intentional Act Cannot Be Performed Negligently: "Negligent Use of Deadly Force" is an Oxymoron**.

Plaintiffs allege "Negligent Use of Deadly Force." They illogically allege: "the officers did not act reasonably in choosing to deploy lethal force against Robert Bradley, and unreasonably and unnecessarily shot him, causing serious and fatal injuries." *Dkt. 1-2,* at ¶8.40. But deadly force is an *intentional* act. It cannot be performed negligently. Washington has rejected attempts to disguise an intentional tort as negligence:

> St. Michelle has alleged that Robinson committed negligent infliction of emotional distress because he sexually assaulted her. Assuming arguendo that the sexual abuse occurred, the abuse was an intentional act, and the resulting emotional distress was also intentionally inflicted as a matter of law. Therefore, St. Michelle cannot state a cause of action for the negligent infliction of emotional distress.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

*St. Michelle v. Robinson,* 52 Wn. App. 309, 315–16, 759 P.2d 467 (1988).

Federal courts have rejected Plaintiffs' theory. "Mr. Dominguez's claim for negligent infliction of emotional distress should also be dismissed for another reason: the acts on which the claim is based [false arrest] are intentional." *Dominguez v. City of Seattle,* 2006 WL 2527626, at *7 (W.D. Wash. 2006). "A plaintiff may not base a claim of negligence on an intentional act, like the use of excessive force." *Willard v. City of Everett,* 2013 WL 4759064, at *2 (W.D. Wash. 2013).

Thus, the "negligent use of intentional force" claim is conceptually flawed and must be dismissed.

**F.    Plaintiffs' Negligent Infliction of Emotional Distress Claim Is Not Viable Because They Did Not Witness the Shooting.**

First, Plaintiffs cannot advance a claim of negligence infliction based on an intentional act. *Roufa v. Constantine*, C15-1379JLR, 2017 WL 120601, at *11 (W.D. Wash. Jan. 11, 2017) ("Mr. Roufa's [NIED] claim fails because he bases it on intentional conduct.").

Second, Plaintiffs did not witness the incident. Because NIED claims involve emotional distress *without* physical injury, the courts have always treated these claims with suspicion. "The tort of negligent infliction of emotional distress is a limited, judicially created cause of action that allows a

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

family member a recovery for 'foreseeable' intangible injuries caused by viewing a physically injured loved one shortly after a traumatic accident." *Colbert v. Moomba Sports, Inc.,* 176 P.3d 497, 500 (2008).

An NIED plaintiff must have been present and witnessed the incident. "[M]ental suffering by a relative who is not present at the scene of the injury-causing event is unforeseeable as a matter of law." *Gain v. Carroll Mill Co., Inc.,* 114 Wn.2d 254, 260, 787 P.2d 553 (1990). One who learns of the death later is not entitled to recover. *Gain v. Carroll Mill Co., Inc.*, 114 Wn.2d 254, 258, 787 P.2d 553 (1990) ("as contrasted with learning of the accident from others after its occurrence.").

The Court in *Colbert* held that the father was not entitled to recover because, while he was technically "at the scene," he did not witness his daughter's death. "Mr. Colbert did not suffer the trauma of seeing the accident or the suffering of his daughter. Instead, on these facts the emotional distress he experienced was related to viewing the rescue efforts, the stress of waiting and watching and then having his worst fears confirmed, and the shock that is always attendant to a vital, healthy, loved one's sudden, unexpected death." *Colbert v. Moomba, supra* at 63.

Here, Plaintiff children R.Par.B. and R.Pat.B. allege that they did <u>not</u> see the officers shoot Mr. Bradley, nor did they observe him immediately after he

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

was injured. *Dkt*. 1-2, ¶8.19 (Defendants acted "when his children were inside while shooting at the father of two.") Ms. Hahn does not sue in her individual capacity, only as Personal Representative of the estate. This fact is fatal to these claims.

## G.    The Substantive Due Process "Purpose to Harm" Claim Fails.

Only the Estate may bring a Fourth Amendment claim. These claims are "personal" and may not be "vicariously asserted." *Moreland* v. *Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). Section 1983 actions, however, may be brought by "the survivors of an individual killed as a result of an officer's excessive use of force," provided state law authorizes a survival action. *Id.* The children may only pursue a Due Process claim. Plaintiffs appear to recognize this rule. *Dkt*. 1-2 ¶9.2 ("Plaintiffs assert this claim [Fourth Amendment] as Robert's successor in interest"); *and*, ¶10.2 ("Plaintiffs assert this claim [Fourteenth Amendment] as Robert's minor children.").

A plaintiff asserting that a violation of Fourteenth Amendment rights by the use of force must show that the police officers' conduct "shocks the conscience." *Porter v. Osborn,* 546 F.3d 1131, 1137 (9th Cir. 2008). There are two tests used to decide whether officers' conduct "shocks the conscience." Which test applies turns on whether the officers had time to deliberate their conduct. On one hand, the **deliberate-indifference test** applies if the situation

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 14
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

at issue "evolve[d] in a time frame that permits the officer to deliberate before acting." *Porter*, 546 F.3d at 1137. That is not the case here.

The contrary **purpose-to-harm test** applies if the situation "escalate[d] so quickly that the officer [had to] make a snap judgment." *Porter*, 546 F.3d at 1137. Deliberation is not possible if the officers "encounter[ed] fast paced circumstances presenting competing public safety obligations." *Id*. at 1139. Deliberation in this context "should not be interpreted in the narrow, technical sense." *Wilkinson v. Torres,* 610 F.3d 546, 554 (9th Cir. 2010), *cert. denied,* 562 U.S. 1219 (2011). Here, Plaintiffs themselves allege a snap judgment had to be made. *Dkt*., 1-2, ¶8.20 (officers "came in with guns drawn, yelling multiple garbled commands, from multiple officers and shot dead the homeowner in under 3 seconds of telling him who they were.").

Plaintiffs' claim fails as a matter of law because they cannot come close to proving the elements of this test. The purpose to harm test requires "a more demanding showing that [the officers] acted with a purpose to harm [the decedent] for reasons unrelated to legitimate law enforcement objectives." *Id*. Legitimate objectives can include "arrest, self-protection, and protection of the public." *Foster v. City of Indio,* 908 F.3d 1204, 1211 (9th Cir. 2018). Illegitimate objectives include "when the officer 'had any ulterior motives for using force against' the suspect, such as 'to bully a suspect or "get even,"' or when an

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

officer uses force against a clearly harmless or subdued suspect." *Id*. (citations omitted) (*quoting Gonzalez v. City of Anaheim,* 747 F.3d 789, 798 (9th Cir. 2014); *Wilkinson*, 610 F.3d at 554). None of those facts exist here. Plaintiffs' claim must fail for that reason alone.

## H.    Plaintiffs Make No Constitutional Claims Against the City.

Plaintiffs parenthetically state that their Fourth Amendment claim is brought "against the City of Spokane, Trevor Walker and Chris Johnson." *Dkt*. 1-2 at ¶IX. However, the cause of action fails to set forth any *Monell* allegations. *See, id*., at ¶ 9.2 ("Plaintiffs assert this claim as Robert's successor in interest against all named and currently unknown defendants acting in their individual capacities. Defendants Johnson and Walker during all times relevant herein were acting under color of state law. These defendants are being sued in their individual capacities for the purposes of this cause of action."); *and*, ¶¶9.3-9.7 (repeatedly discussing only "the officers.").

Plaintiff's Fourteenth Amendment claim is specifically <u>not</u> made against the City. *Id*., at ¶10.2 ("Plaintiffs assert this claim … against all named and currently unknown defendants acting in their individual capacities."). The Fourth Amendment claim against the City should be dismissed; no Fourteenth Amendment claim is brought against it.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

## I.     Individuals Cannot Be Sued Under the ADA.

Plaintiffs bring an ADA cause of action "against all named and currently unknown defendants acting in their individual capacities." *Dkt*. 1-2, at 11.2. This claim is not made in good faith against the individual Defendants. The Ninth Circuit has not allowed such claims for almost 20 years. "Numerous courts, including the Ninth Circuit, have held there is no individual liability for ADA violations. *See, e.g., Walsh v. Nevada Dep't. of Human Resources*, 471 F.3d 1033, 1038 (9th Cir.2006)." *Purcell v. American Legion,* 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014) ("The district court was correct when it held that individual defendants cannot be held personally liable for violations of the ADA."); *Leon v. Danaher Corp.,* 474 Fed. Appx. 591, 592 (9th Cir. 2012) ("The district court properly dismissed Leon's claims against the individual defendants because neither Title VII nor the ADA impose liability on individual employees."); *and, Blakely v. Kato,* 2:19-CV-0322-TOR, 2019 WL 6255483, at *2 (E.D. Wash. Nov. 22, 2019) ("individuals cannot be held liable for damages under the ADA.").

For these reasons, the claims against Walker and Johnson should be dismissed.

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 17
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

**J.     The City is Not Liable Under The ADA Because There Is No Evidence The Officers Were Aware of His Hearing Impairment.**

This is not a usual ADA claim -- it is brought against the police based on their providing "services" to Mr. Bradley. The more common rules of employment discrimination do not apply. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Courts have recognized at least two types of Title II claims applicable to arrests:

> (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.

*Sheehan v. City & Cnty. of San Francisco,* 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part, cert. dismissed in part sub nom.,* 575 U.S. 600 (2015). Plaintiffs fail to allege that the officers knew he was disabled. This is fatal to the claim.

**K.     Loss of Consortium is Not a "Cause of Action."**

Plaintiffs allege the following redundant claims: "Loss of Child-Parent Relationship, Loss of Love and Loss of Companionship." However, "[l]oss of

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 18
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

consortium is not, in and of itself, a cause of action but rather an element of damages." *Long v. Dugan,* 57 Wn. App. 309, 313, 788 P.2d 1, 2 (1990). "While consortium is an element of damages in the wrongful death action, it is not an independent cause of action." *Ginochio v. Hesston Corp.,* 46 Wn. App. 843, 848, 733 P.2d 551, 553 (1987). While Plaintiffs may pursue loss of consortium as an *element of damages*, it is not a "cause of action" and must be dismissed.

**L.    Wrongful Death is Not a "Cause of Action."**

Plaintiffs allege "Wrongful Death" as a cause of action. It is not. The wrongful death statute simply allows a negligence or other recognized tort action to be brought after a relative's death. The English common law did not allow a wife to sue for the death of her husband even if it was caused by another's negligence. In 1854, Lord Campbell's Act eliminated that bar. The Washington Territorial Legislature adopted a very similar act that same year. The current *Wrongful death--Right of action* statute reads:

> When the death of a person is *caused by the wrongful act, neglect, or default of another person,* his or her personal representative may maintain an action against the person causing the death for the economic and noneconomic damages sustained by the beneficiaries listed in RCW 4.20.020 as a result of the decedent's death, in such amounts as determined by a trier of fact to be just under all the circumstances of the case.

RCW. 4.20.010(1) (emphasis supplied).

The highlighted language is important because, by definition, it requires

DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 19
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

an underlying tortious "wrongful act". Unless there is a tort, no suit is possible. The Act only removed the common law bar to bringing a suit for negligence.  In addressing this issue, the Supreme Court has specifically held that an underlying tort is needed to bring a "wrongful death" suit.

> The statutory basis for recognizing defenses of this character is to be found in the word 'wrongful,' as used in the statute. ***If the tort-feasor breached no duty*** owing to decedent, or if decedent proximately contributed, through consent, negligence, or unlawful acts, to his own injury, it is reasonable to say that ***his death was not wrongful*** in the contemplation of the statute.

*Johnson v. Ottomeier,* 45 Wn.2d 419, 422, 275 P.2d 723 (1954) (emphasis supplied).

The Supreme Court more recently reached the same conclusion. No recovery under the wrongful death action is available without an independent tort because "the tort-feasor breached no duty owing to the decedent ... [and thus the] death was not wrongful in the contemplation of the statute." *Deggs v. Asbestos Corp. Ltd.*, 186 Wn.2d 716, 726, 381 P.3d 32 (2016). Any wrongful death lawsuit must be based on a recognized tort.

In sum, "wrongful death" is not a cause of action. Here, it allows Plaintiffs to bring a tort claim that had previously been barred.

**M.    Plaintiffs' Prayer for Prejudgment Interest Should Be Dismissed.**

Plaintiffs request "prejudgment interest against a government agency.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

*Complaint* at 9.1(c) ("Awarding any and all applicable interest on the judgment until the judgment is paid in full including *prejudgment interest*"). This request is made in bad faith as Plaintiffs Washington caselaw dating back almost 40 years has barred such requests against public agencies. "The State has not consented to prejudgment interest on tort claims against it." *Norris v. State,* 46 Wn. App. 822, 825, 733 P.2d 231, 234 (1987) (interpreting RCW 4.56.115 entitled *Interest on judgments against state, political subdivisions or municipal corporations—Torts*"). Paragraph 9.1(c) of Plaintiffs' Complaint requesting prejudgment interest should be stricken.

## IV.    CONCLUSION

In sum, the above discussed claims of the Bradley Plaintiffs' *FAC* should be dismissed.

RESPECTFULLY SUBMITTED:  December 12, 2024

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By:  */s/ Stewart A. Estes*
    Stewart A. Estes, WSBA No. 15535

*Brian C. Augenthaler, WSBA # 44022*
*Richard B. Jolley, WSBA # 23473*
*Attorneys for Defendants*
1201 Third Avenue, Suite 1580
Seattle, WA 98101
Phone:  (206) 623-8861
Email:  sestes@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs Estate of Robert Bradley, Keshia Hahn, R. Par. B. and R. Pat B.**
Rondi J. Thorp, WSBA # 32872
David E. Turplesmith, WSBA # 32873
Jodi D. Thorp, WSBA # 59749
Meyer Thorp Attorneys at Law, PLLC
P.O. Box 87
Spokane, WA  99210
Tel: 509-533-1511
Fax: 509-343-3366
Email:  rondi@meyerthorp.com; david@meyerthorp.com;
jodi@cjtrlaw.com; mistina@meyerthorp.com; ashlyn@cjtrlaw.com

**Attorneys for Plaintiff Sarah McLaughlin**
Meghan M. Driscoll, WSBA No. 49863
John Francis Connelly, WSBA No. 60196
CONNELLY LAW OFFICES
2301 N 30th Street
Tacoma, WA 98403
T: (253) 593-5100
Email:  mdriscoll@connelly-law.com; Nleth@connelly-law.com;
jfconnelly@connelly-law.com


DATED:  December 12, 2024


_/s/ Stewart A. Estes_
Stewart A. Estes, WSBA #15535


DEFS' MOTION FOR JUDGMENT ON THE
PLEADINGS RE: BRADLEY PLTFS' COMPLAINT - 22
2:24-cv-00189-MKD
1053-00014/732072

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE:  (206) 623-8861
FAX:  (206) 223-9423