Rondi J. Thorp, WSBA #32872
David E. Turplesmith, WSBA #32873
Jodi D. Thorp, WSBA #59749
Meyer Thorp, Attorneys at Law, PLLC
PO Box 87
Spokane, WA 99210
(509) 533-1511

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| The Estate of ROBERT BRADLEY, deceased; KESHIA HAHN, as Personal Representative of the Estate; R.Par.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN; AND R.Pat.B., minor child of ROBERT BRADLEY, deceased, by and through his legal guardian, KESHIA HAHN,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>CITY OF SPOKANE, a political subdivision of the State of Washington; TREVOR WALKER, individually and in his official capacity; CHRISTOPHER JOHNSON, individually and in his official capacity; AND JOHN and JANE DOES 1-40, individually and in their official capacities, inclusive.<br><br>                                    Defendants. | No. 2:24-cv-00189<br><br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS RE: BRADLEY PLAINTIFFS' COMPLAINT<br><br><br>CLERK'S ACTION REQUIRED<br>ORAL ARGUMENT REQUESTED |

Plaintiffs, through counsel, submit this Response to Defendants' Motion.

## I.    FACTS

Plaintiffs incorporate the facts in their Amended Complaint (ECF No. 2-29).

## II.    LEGAL ANALYSIS

### A. Fed. R. Civ. P. 12(c) Motion and Amendment of Complaint.

A motion for judgment on the pleadings tests the legal sufficiency of the claims in the complaint after the pleadings are closed, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir.1999)). "For purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A Court analyzes a Rule 12(c) motion to dismiss in the same manner as a Rule 12(b)(6) motion "…because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

To survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether a pleading states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In reviewing a 12(c) motion, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Leave to amend the deficient pleading is appropriate unless the deficiency cannot be cured by the allegation of other facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

In this case, Plaintiffs' allegations are not speculative and have asserted a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Defendants have been provided fair notice as to the claims against them and the facts that support those claims. The facts detailed in Plaintiffs' Amended Complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). Defendants have not demonstrated entitlement to relief as a matter of law. *See Marshall Naify Revocable Trust v. United States*, 672 F.3d at 623.

In the event the Court is inclined to grant any of Defendants' Motions to dismiss any of the disputed issues below, Plaintiffs request the Court provide them an opportunity to amend the complaint. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Fed. R. Civ. P. 15, states that leave to amend should be freely given "when justice so requires," and ""[i]n the absence of any apparent or declared reason to not grant leave to amend…" Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for granting leave to amend is generous. *See* Fed. R. Civ. P. 15(a)(2).

The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). There has been no demonstration of bad faith or undue delay. *Id.* Pursuant to the Court's scheduling order, the deadline to amend claims is April 14, 2025. ECF No. 15 at 17. Thus, amending the complaint at this time would not cause undue prejudice or undue delay as it is within the timing set by the Court and there is sufficient time before trial and expiration of discovery to avoid any prejudice to the Defendants. *Id.* Plaintiffs have only amended the complaint once in this case and it was prior to Defendants' moving the case to federal court. There has been no demonstration of futility of amendment to the complaint. *Id.* Futility is established only if the

Complaint "could not be saved by any amendment." *Id. (internal citations omitted).* At this stage of the proceedings, additional facts could provide plausible support for Plaintiffs' claims placed in question by Defendants. Amendment of the complaint could save any of the claims Defendants seek to dismiss; therefore dismissal without an opportunity to amend would not be appropriate. *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009), Fed. R. Civ. P. 15.

**B. Cause of Action for Violation of Washington State Constitution**

The facts detailed in the Amended Complaint demonstrate the Spokane Police Department and Officers Johnson and Walker violated Robert Bradley's rights under Washington Constitution Article 1, Sec. 3, which states, "No person shall be deprived of life, liberty, or property, without due process of law." Spokane Police Officers shot Robert Bradley when he was not "engaging the officers, was not doing anything illegal and he did not pose an immediate threat to the safety of WALKER, JOHNSON, or others." ECF No. 2-29, at 8, sec. 7.23. Mr. Bradley was at his residence when he was approached by officers. ECF No. 2-29 at 7, sec. 7.16. Defendants deprived Mr. Bradley of his life and liberty, without due process, in violation of Article 1, Sec. 3 of the Washington State Constitution, and his right to not be disturbed in his private affairs or to not have his home invaded, without authority of law pursuant to Article 1, Sec. 7. Plaintiffs make these claims as a good faith argument for a change to the law. *See Davis v. Cox,* 183 Wn.2d 269,

351 P. 3d 862 (2015). Plaintiffs argue that a cause of action should be created for violations of Washington State Constitutional rights. *See Reid v. Pierce Co.,* 136 Wn.2d 195, 961 P.2d 333 (1998). Washington State Courts are recognizing additional causes of action for negligence and misconduct by law enforcement and government agencies. Adding a cause of action for violations of State Constitutional rights will assist in ensuring the rights of all citizens are protected from government intrusion. *See Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 442 P. 3d 608 (2019), *Mancini v. City of Tacoma,* 196 Wn.2d 864, 479 P.3d 656 (2021), *Norg v. City of Seattle,* 200 Wn.2d 749, 522 P.3d 580 (2023).

Assuming *arguendo*, that the Court dismisses Plaintiffs claims for violation of the Washington State Constitution, evidence of the officers' knowledge and training regarding Washington State Constitutional requirements, protections, and procedures will continue to be relevant to determine the reasonableness of the actions taken by Defendants and to establish, "the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation…" *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (quoting *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)); *Pasadena Republican Club v. W. Just. Ctr.,* 985 F.3d 1161, 1171–72 (9th Cir. 2021) ("To establish *Monell* liability under §1983, the constitutional violation must be caused by a municipality's 'policy, practice, or custom' or be

ordered by a policy-making official."). The Washington State Constitution can offer broader protections to its citizens than does the United States Constitution. *See State v. Gunwall,* 106 Wn.2d 54, 720 P. 2d 808 (1986), *Seattle v. Mesiani,* 110 Wn.2d 454, 755 P.2d 775 (1988), *State v. Ladson,* 138 Wn.2d 343, 979 P.2d 833 (1999). These protections guide the activity of law enforcement officers in Washington State and are relevant to the issues in this case.

### C. Claims for Negligent Training, Hiring, Supervision, or Discipline Should Not Be Dismissed.

Defendants contend the tort claims of negligent officer training and supervision in the use of deadly force should be dismissed as a matter of law if the officer was acting in the course of his employment, citing *E.K. v. Nooksack Valley Sch. Dist.,* 2021 WL 1531004, at *4 (W.D. Wash. 2021). Washington cases have dismissed direct negligence claims against employers when they concede the employee was acting in the scope of employment, because such claims can be redundant. *See e.g. LaPlant v. Snohomish County*, 162 Wn. App. 476 (2011). Plaintiffs' direct claims against the City for negligent training and their vicarious liability claims are not redundant. "Municipalities have a duty to ensure their police officers receive adequate training..."*Strachan v. Kitsap County*, 27 Wn.App. 271 (1980). A municipality's negligent training of police officers can obviously cause harm to citizens, notwithstanding whether the officer was acting in the scope of his/her employment or not. Plaintiffs allege the officers were not properly or adequately

trained, particularly with respect to de-escalation techniques and tactics that could prevent the use of deadly force. ECF No. 2-29 at 5-6, secs. 7.3 and 7.4, and pages 8-9, secs. 7.21, 7.23, and 7.24. The City knew, or should have known, that the failure to adequately train officers with de-escalation tactics created an unreasonable risk of harm to suspects. *See* Restatement (Second) of Torts 302B (1965). Section 302(B) provides that any act may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of a third person which is intended to cause harm. *See, generally*, *Robb v. City of Seattle*, 176 Wn.2d 427 (2013). Arguably, a jury could find that a police officer is not liable for negligence because that officer was not properly and adequately trained and that the municipality is liable for negligent training and resulting harm. The claims are not redundant.

The decision in *Beltran-Serrano* further supports Plaintiffs' position. The plaintiffs in that case sued the City of Tacoma for assault and battery, improper, unreasonable, and unnecessary escalation of the use of force, and failure to properly train and supervise officers. *Beltran-Serrano*, 442 P. 3d at 610. The trial court granted the defendant's motion for summary judgment on the negligence claims. *Id.* at 611. The Washington Supreme Court reversed the trial court and analyzed the plaintiffs' negligence claim to include both the officer's escalation to the use of deadly force, as well as the officer's lack of adequate training. *Id.* at 611-

612. *See also Id*. at n. 5. The court included the failure to train as part of the consideration of the totality of circumstances involved in the encounter between the officer and the victim and part of the potential negligence in the series of events leading up to the decision to use deadly force. *Id.* at 612. Thus, under *Beltran-Serrano*, the failure to train claim is an aspect of the totality of circumstances assessed in determining if the use of deadly force was unreasonable. *Id.* For the reasons stated herein, there is ample evidence, and reasonable inferences therefrom, that the officers were not adequately trained for the purposes of a Fed. R. Civ. P 12(c) motion. Plaintiffs' Amended Complaint states that the Spokane Police Department continues to fail in properly training its officers, as officer involved shootings have increased. ECF No. 2-29 at 4, sec. 7.3. The Spokane Police Department, after settling wrongful death lawsuits for the use of force, indicates that the settlement will not result in changes to the department's policies or procedures. ECF No. 2-29 at 6, sec. 7.4. These facts are sufficient to survive a Fed. R. Civ. P. 12(c) motion, as they allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the court must be advised that there is discovery ongoing, including discovery related to training, supervision, and policy.

Facts regarding the training and supervision of police officers, as it relates to the policies and practices of the Spokane Police Department, is also relevant to the

establishment of a claim for municipal liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles,* 477 F.3d 652, 667 (9th Cir. 2007). Plaintiffs have alleged a series of facts regarding Defendant City of Spokane's improper training and supervision of officers to de-escalate situations and avoid the unnecessary use of force; policies, customs, or practices permitting unnecessary use of force, and ratification of the unnecessary use of force by Spokane Police Officers. ECF No. 2-29, at 4-6, and pages 9-10, secs. 7.3, 7.4, 7.23, 7.24. These alleged facts support Plaintiffs claim for negligent training and supervision and also for municipal liability under *Monell*.

**D. WLAD Claims** Plaintiffs agree to dismiss this cause of action. While Plaintiffs will not pursue a WLAD claim, evidence about Mr. Bradley's hearing disability are relevant for the jury to consider when considering the other claims.

**E.  Negligent Use of Deadly Force Is a Valid Cause of Action.**

Law enforcement officers can be held liable for both intentional torts and negligence in using excessive force in Washington State. *Beltran-Serrano,* 442 P.3d at 613. "Consistent with Washington case law and CR 8(e)(2), Beltran-Serrano is allowed to pursue both an intentional tort and negligence action."  *Id*. As

the Washington State Supreme Court stated in *Beltran-Serrano,* Washington state case law supports intentional torts for assault and battery and negligence in police use of force claims. The Court stated: "At common law, every individual owes a duty of reasonable care to refrain from causing foreseeable harm in interactions with others…..This duty applies in the context of law enforcement and encompasses the duty to refrain from directly causing harm to another through affirmative acts of misfeasance. *See Robb v. City of Seattle,* 176 Wash.2d 427, 295 P.3d 212 (2013); *see also Coffel v. Clallam County,* 47 Wn.App. 397, 735 P.2d 686 (1987) (recognizing that, 'if the officers do act, they have a duty to act with reasonable care"). *Id.* at 615.

Plaintiffs have correctly asserted and supported claims for assault and battery and negligent use of deadly force in the Amended Complaint. ECF No. 2-29 at 8-9, secs. 7.23 and 7.24. Officers approached and shot Mr. Bradley without using the de-escalation tactics of time, distance, or cover. Officers did not observe Mr. Bradley do anything illegal. He was not engaging with officers and posed no immediate threat to officers or others. When officers were supposed to be serving a temporary anti-harassment order, within seconds of approaching and yelling multiple commands, allowing no time for Mr. Bradley to process what was happening, officers shot and killed him. *Id.* The officers were ostensibly at Mr. Bradley's residence to serve a temporary protection order; Plaintiffs alleged

Defendants did this in a negligent manner, as described above, by failing to use the least excessive force for the situation. ECF No. 2-29 at 6-8, secs. 7.8, 7.10, 7.21, and 7.23. Analogous to the facts in this case, the Washington Supreme Court has asserted that…"police executing a search warrant owe the same duty of reasonable care that they owe when discharging other duties." *Mancini v. City of Tacoma,* 196 Wn.2d 864, 880, 479 P.3d 656, 665 (2021), *citing Beltran-Serrano v. City of Tacoma*, 193 Wn.2d at 540, 442 P.3d 608, *remaining cites omitted.*

Negligent use of deadly force is not "conceptually flawed" as Defendants allege in their 12(c) motion. ECF No. 44 at 12. Negligent use of deadly force is a valid cause of action, grounded in common law negligence, which requires the City of Spokane to "refrain from causing foreseeable harm in the course of law enforcement interactions with individuals." *Beltran-Serrano,* 442 P.3d at 615. Defendants' motion to dismiss this cause of action must be denied.

### F.  Plaintiffs R.Par.B. and R.Pat.B. Were Present at the Scene, and the Negligent Infliction of Emotional Distress Claim is Valid.

To prove negligent infliction of emotional distress, a plaintiff must demonstrate that the emotional distress is "(1) within the scope of foreseeable harm of the negligent conduct, (2) a reasonable reaction given the circumstances, and (3) manifest by objective symptomatology." *Bylsma v. Burger King Corp*., 176 Wash.2d 555, 560 (2013). "The scope of foreseeable harm of a given type of conduct depends on 'mixed considerations of logic, common sense, justice, policy,

and precedent.' " Id. at 171 (quoting *King v. City of Seattle*, 84 Wash.2d 239, 250 (1974)). "As with any claim sounding in negligence, where a plaintiff brings suit based on negligent infliction of emotional distress, we test the plaintiff's negligence claim against the established concepts of duty, breach, proximate cause, and damage or injury." *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wash. 2d 233, 243 (2001) (internal quotation marks and citation omitted).

Plaintiffs argue that Defendants' negligent use of deadly force, which resulted in officers shooting at their home, where they were present, and killing their father, is the basis for their Negligent Infliction Emotional Distress claim. ECF No. 2-29 at 6-7, sec. 7.9, page 13, sec. 8.19. Defendants cite to *Colbert v. Moomba Sports, Inc.,* 163 Wn.2d 43, 176 P.3d 497 (2008) to argue that the presence of R.Par.B. and R.Pat.B. at the scene where their father was killed is insufficient to support their Negligent Infliction of Emotional Distress claim. This reliance is misplaced. The Court affirmed dismissal of Mr. Colbert's claim because not only was he not present at the scene when the negligent act occurred, he was driven to the scene after the traumatic event and had limited exposure to the traumatic event. *Id.* at 56. R.Par.B. and R.Pat.B. were present at the scene of Mr. Bradley's killing, their home. They lived with their father at the residence where he was killed. ECF No. 2-29 at 6-7, sec. 7.9, page 13, sec. 8.19. This is sufficient to support a claim for Negligent Infliction of Emotional Distress under Washington State Law. *See Reid*

*v. Pierce County,* 136 Wn.2d 195, 204, 961 P.2d 333 (1998). The facts alleged "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, dismissal under a 12(c) Motion to Dismiss should be denied.

**G. Substantive Due Process or Familial Association Claims**

In addition to bringing their deceased loved one's claims that "survived" death, as well as wrongful-death claims, parents and children of someone who has died as a result of an officer's use of force may bring their own substantive due-process claims. These substantive due-process claims are based on the officer's having deprived them of their liberty interest in the companionship and society of their loved one. An officer violates a family member's due-process rights when their conduct "shocks the conscience;" or, when the circumstances allowed for the officer to actually deliberate, then "an officer's 'deliberate indifference' may suffice to shock the conscience." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). On the other hand, if the officer "makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson*, 610 F.3d at 554. The children must show that the officer acted with "deliberate indifference," or "with a purpose to harm" the decedent.

The facts alleged by Plaintiffs, which the Court must accept as true and construed in a light favorable to the party opposing the motion, support the claims for substantive due process or loss of familial association. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Plaintiffs allege that Defendants were deliberately indifferent to Mr. Bradley's well-being, when Officers Walker and Johnson approached him in a stealth manner with weapons when they were just supposed to serve a temporary anti-harassment order. Defendants are aware of the history of excessive use of force by the Spokane Police Department, and that Defendants Johnson and Walker have been involved in multiple cases of excessive use of force. ECF No. 2-29 at 4-6, secs. 7.3, 7.4, and 7.5; and page 15, secs 8.27 and 8.28. Defendant Walker and Johnson approached Mr. Bradley and fired their weapons at him, killing him at his home, when he was not posing any threat to them, looking in his own van. ECF No. 2-29 at 8, secs. 7.22 and 7.23. These facts support the claim by Plaintiffs R.Par.B. and R.Pat.B. that their substantive due process rights were violated by Defendants when they approached Mr. Bradley after being contacted to serve a temporary no contact order and instead of using the least amount of force possible, used excessive force and shot and killed Mr. Bradley. *Id.*, and pages 6-9, secs. 7.6 to 7.24. Handling a situation in this manner and escalating the use of force in a completely unreasonable manner demonstrates deliberate indifference to citizens they are interacting with. *Wilkinson v. Torres*,

610 F.3d 546, 554 (9th Cir. 2010). The officers have been involved in uses of force, including where Defendants settled a lawsuit for wrongful death; and therefore, should have known to choose a more reasonable and measured approach to serve a temporary no contact order. The officers seized Mr. Bradley in violation of his 4th and 14th Amendment rights when they shot and killed him, and their actions, as alleged in the complaint, support Plaintiffs' allegation of a substantive due process violation claim for depriving them of their liberty interest in the companionship and society of their loved one. *See Wilkinson*, 610 F.3d at 554; *Torres v. Madrid,* 592 U.S. 306, 141 S.Ct. 989, 996-97 (2021). Officer Johnson and Walker's deliberate indifference shocks the conscience, because they were alerted several hours before that Mr. Bradley's neighbor wanted the order served, that Mr. Bradley was committing no crime, and was at his own home/property when they ultimately approached him on September 4, 2022. ECF No. 2-29 at 6-8, secs. 7.5-7.23. The events that transpired did not occur over a short period of time, and actual deliberation was practical. *Hayes v. County of San Diego,* 736 F.3d 1223, 1230 (9th Cir. 2013). Defendants Johnson and Walker had time to correct their wrongful conduct, as they decided to approach with guns drawn, in the dark of night, and yell at the last minute, in effect ambushing Mr. Bradley. *See Peck v. Montoya,* 51 F.4th 877, 893-94 (9th Cir. 2022). Plaintiffs alleged specific facts to give their claims for substantive due process violations "facial plausibility."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants' motion to dismiss Plaintiffs' substantive due process claims should be denied.

### H. Plaintiffs allege negligent training and supervision claims, regarding the policy and practices of the City of Spokane in regard to police use of force, which are Fourteenth Amendment Claims under 42 USC 1983 and *Monell.*

A municipality may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). To establish municipal liability under § 1983, a plaintiff "must show that (1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Mabe v. San Bernadino Cnty, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1108 (9th Cir. 2001), *see also Burke v. Cnty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009).

Plaintiffs alleged negligent training and supervision, as well as adoption and enforcement of policies that result in violations of citizens' Constitutional rights and use of excessive force. Defendant City of Spokane asserted that it would not be changing its policies or procedures as a result of a wrongful death lawsuit settlement. ECF No. 2-29 at 5-6, sec. 7.4. The Amended complaint further provide facts regarding the rising use of excessive force by Defendant City of Spokane.

ECF No. 2-29 at 5, sec 7.4. Defendant City of Spokane continued to employ Officers Johnson and Walker and other officers without training, disciplining, or altering their conduct, despite their history of involvement in use of force and officer involved shootings, which demonstrates a policy or procedure of permitting this conduct and a ratification of the use of excessive force by officers. ECF No. 2-29 at 15, secs. 8.27 and 8.28; *see City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988), *Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021); *Trevino v. Gates,* 99 F.3d 911, 920–21 (9th Cir. 1996).

Plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face" in regard to municipal liability under *Monell,* and Defendants' motion to dismiss these claims should be denied. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, in the event this Court determines the complaint is insufficient to establish the claims, the Court should permit Plaintiffs to amend the complaint. Discovery has been ongoing, and Plaintiffs have discovered additional information that supports their Monell claims; thus, amendment of the complaint would be productive and not futile. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## I. ADA Claims Against Officers Walker and Johnson

Plaintiffs agree to dismiss this cause of action against Walker and Johnson

so long as their actions are still cognizable against the City of Spokane for an ADA claim, and Defendants do not argue the failure to bring the claim against the individual Plaintiffs renders the claim invalid against the City. In addition, evidence about Mr. Bradley's hearing disability is still relevant for the jury to consider when considering the other claims.

## J.  ADA Claims against the City

Defendants acknowledge that Courts have recognized Title II claims where police misperceive the effects of a disability as criminal activity or where police fail to reasonably accommodate a persons' disability "in the course of an investigation or arrest, causing the person to suffer greater injury…" ECF No. 44 at 18. Here, police officers failed to accommodate Mr. Bradley's hearing disability during arrest when they had the time to do so. While Mr. Bradley was looking in his car and police were at a safe distance, police officers could have utilized a megaphone, police lights, or other accommodations prior to approaching Mr. Bradley that would have let him know that the police were seeking his attention and compliance with service of the order or detention. A jury could find that this was a violation of Mr. Bradley's Title II rights.  In addition, it can be argued that police misconceived Mr. Bradley's hearing disability as a failure to comply, resulting in them causing grave harm to him. Without providing any citation, Defendants assert that the officers prior lack of knowledge about Mr. Bradley's

hearing disability is fatal to this claim. That mere assertion without more, does not meet the standard under Federal Rule of Civil Procedure12(c).

## K. Loss of Consortium

Plaintiffs agree to dismiss Loss of Consortium as a cause of action, VIII(G), secs. 8.49 and 8.50. However, Plaintiffs continue to allege Loss of Consortium damages contained in the Prayer for Relief, XI, sec. 9.1(a).

## L. Wrongful Death is a Cause of Action

Municipalities and law enforcement officers have a "duty to refrain from causing foreseeable harm in the course of law enforcement interactions with individuals. *Beltran-Serrano,* 442 P.3d at 615. This common law duty is well established in Washington State: "if officers do act, they have a duty to act with reasonable care." *Id., citing Coffel v. Clallam County*, 47 Wn.App. 397, 403, 735 P.2d 686 (1987). The Washington State Supreme Court continues to further expand the duty of reasonable care for municipal law enforcement and emergency services to include police executing search warrants. "[P]olice executing a search warrant owe the same duty of reasonable care that they owe when discharging other duties," *Mancini v. City of Tacoma,* 196 Wn.2d 864, 880, 479 P.3d 656, 665 (2021), and a duty of reasonable care when responding to citizens' 911 calls (*Norg v. City of Seattle,* 200 Wn.2d 749, 522 P.3d 580, 589 (2023). The same duty of reasonable care that applies to executing a search warrant or responding to a 911

call applies to serving a temporary anti-harassment order. Defendants breached this duty when they used excessive force, did not de-escalate the situation, and rushed in and killed Robert Bradley on his own property when he posed no threat and was committing no crimes and they were just supposed to serve a temporary anti-harassment order. ECF No. 2-29 at 8-9, secs. 7.23 and 7.24. Pursuant to statute and case law, Defendants breached a duty owed to Mr. Bradley and caused a death, therefore a wrongful death lawsuit is appropriate. RCW 4.20.010. Plaintiffs' wrongful death action is based on the recognized common law tort of exercising reasonable care in law enforcement interactions with citizens. *Beltran-Serrano,* 442 P.3d at 615. Defendants breached a duty they owed Mr. Bradley, and therefore his death was wrongful. *see Deggs v. Asbestos Corp. Ltd.,* 186 Wn.2d 716, 381 P.3d 32 (2016). The Court has supplemental jurisdiction to hear Plaintiffs' state law claims. 28 U.S.C. §1367. Contrary to Defendants'' claim, wrongful death is a cause of action. Plaintiffs have pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and it has not been barred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants' motion to dismiss the wrongful death claim should be denied.

## M. Prejudgment Interest

Plaintiffs assert the issue of prejudgment interest in anticipation of potential changes to currently existing law.

DATED: January 7, 2025


MEYER THORP ATTOIRNEYS AT LAW, PLLC

By: /s/ *David E. Turplesmith*
DAVID E. TURPLESMITH, WSBA No. 32873

*Attorneys for the Plaintiffs* ESTATE OF ROBERT
BRADLEY, R.PAT.B. *and* R.PAR.B.

# CERTIFICATE OF SERVICE

I certify that on January 7, 2025, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

**Attorneys for Defendants**

Richard B. Jolley, rjolley@kbmlawyers.com
Stewart A. Estes, sestes@kbmlawyers.com
Brian C. Augenthaler, BAugenthaler@kbmlawyers.com
TCaceres@kbmlawyers.com
LMartin@kbmlawyers.com
smccrorie@kbmlawyers.com

**Attorneys for Plaintiff Sarah McLaughlin**

Meghan M. Driscoll, mdriscoll@connelly-law.com
John Francis Connelly, jfconnelly@connelly-law.com
Nleth@connelly-law.com,

DATED: January 7, 2025



                                        /s/ *David E. Turplesmith*
                                        David E. Turplesmith, Attorney